CASE 2—PETITION ORDINARY—DECEMBER 7.

# Humphreys vs. Pearce.

### APPEAL FROM MASON CIRCUIT COURT.

1. A firm of bankers held the note of H. for $6,000, which one of the firm assigned to his son as an advancement. The obligor took up the note by giving two notes payable to two other persons, who indorsed them to the son. In an action by the latter on the two notes, the obligor alleged and proved that the firm were the owners of the notes sued on, and that he had paid them large amounts of usury on the transaction. *Held*—That he was entitled to an abatement for the usury so paid.

2. See the opinion for the facts showing that the firm were the beneficial owners of the debt, and that there was no new or valuable consideration for the novation.

3. The firm were necessary parties to the suit.

H. TAYLOR for appellant.

E. C. PHISTER, for appellee, cited 5 *B. M.*, 92 ; 7 *B. M.*, 442 ; *Civil Code*, 128, 31, 132; 2 *Met.*, 94, 96 ; 9 *Dana*, 554 ; 2 *Marsh.*, 300 ; 3 *J. J. M.*, 16 ; 5 *B. M.*, 241 ; 1 *Litt.*, 50 ; *Litt. Scl. Cases*, 471 ; 8 *B. M.*, 404 ; 2 *Met.*, 530.

WADSWORTH & CLARKE on same side.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT :

The record shows that the appellant frequently borrowed money from Lewis C. and Hiram T. Pearce, bankers in the city of Maysville, Kentucky, at the rate of fifteen per cent. interest on his promissory notes, renewed every three or six months; that this borrowing continued with occasional payments from 1852 to 1860; and that the last note executed to the firm was for about $6,000. It also shows, that in March, 1860, the appellee, who is a son of the said Hiram T. Pearce, bought from Blatterman, in Maysville, a book store, and that his father agreed to advance to him $5,000 to make the first payment, and, to effect that advancement without abstracting the amount from his business, delivered to him for collection the appellant's said last note ; but, that the appellant being unable to pay so as to meet the appellee's first payment to Blatterman, the note was returned to Hiram T. Pearce, and he paid the $5,000; and, on the 1st of May, 1860, to secure

the last payment to Blatterman without any further advance of money by Hiram T. Pearce, and doubtless, also, to save the amount of the note held on the appellant, who soon turned out to be insolvent to a large amount, an arrangement was made whereby the appellant executed to Goggin, as his surety, a negotiable note for $3,000 ; and at the same time, another of the like kind to Pearce for $2,000, each of which was indorsed by the nominal payee to William L. Pearce, and delivered to him by his father to enable him to make his last payment to Blatterman. Each note having been afterwards protested, H. T. Pearce again advanced the amount of the last payment, and said that he could afford to give his said son $10,000 as thus advanced to him. To enforce the payment of these two notes, the assignee, W. L. Pearce, brought this suit against the appellant, who, by his answer, impeached the consideration by alleging enormous usury, and, averring that L. C. and H. T. Pearce were the beneficial owners of the notes sued on, he obtained a rule on the appellee to show cause why they should not be made co-plaintiffs ; but the appellee, protesting that they had no interest in either of the notes, the rule was discharged. The appellant afterwards moved the court to require the appellee to make L. C. and H. T. Pearce defendants to his answer, which motion the court also overruled, and pronounced judgment against the appellant for the amount of the two notes after deducting usury reserved in them for forbearance from their date.

On the trial before the circuit judge, to whom the law and the facts were submitted, Hiram T. Pearce, introduced as a witness by the appellant, testified to most of the foregoing facts, and professing to be unable to prove the amount of usury in the last note for about $6,000, said, that on the 22d of July, 1855, the appellant had paid all he had borrowed antecedently to that date, and then owed him and his partner nothing; and that all he now owes is the balance on usurious loans intermediately made to him by them, and which, as he supposed, included altogether $1,000 of usury.

The appellee offered the other partner, L. C. Pearce, as a witness, who was rejected as incompetent on his declaration, under oath, that, if there should be no recovery in this case, or

any purgation of usury, he would feel it his duty to share the loss equally with his co-partner, H. T. Pearce.

On this state of case, it would seem clear that the appellant was entitled to a credit for $1,000 on account of usury in the note taken up on the substitution of the notes sued on, unless, as the circuit judge probably thought, the appellee is the beneficial, as well as nominal, owner of the notes, and unless, also, there was a new and valuable consideration for the novation and a promise thereon to pay him the full amount, on the faith of which he took the new notes. On this hypothesis the appellant could not deduct the usury from the new notes, but would be bound to look for reclamation to the lenders.

But, although H. T. Pearce testified that, when the arrangement for substitution was made, he treated the original note as paid, and charged himself on the partnership books with $5,000 as so much advanced out of the joint fund to his son, the appellee, yet it is quite evident that the avowed purpose of taking the new notes had failed, and he had advanced double the amount he had promised and intended, and therefore did not contemplate a further advance of the amount of the new notes, which would make an aggregate advancement of $15,000, instead of $5,000; and it is equally evident that no valuable consideration passed from his son either to him or to the appellant; and therefore the available amount of these new notes was probably considered by the parties, as they ought to have been held, as the property of the owners of the note for which they had been substituted. And the declaration of the co-partner, L. C. Pearce, confirms this interpretation of the entire transaction, and proves that the firm is the beneficial owner of the notes sued on, and that the appellee has no interest in them.

Wherefore, the judgment is reversed, and the cause remanded, with instructions to require L. C. and H. T. Pearce to be made co-plaintiffs, and for such further proceedings as may be desired and deemed proper for an effectual litigation of the whole question of usury as far back as the original debt was not paid by applying payments of usury as payments, *pro tanto*, of principal, and as reclamation of excess is not barred by time.